■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. SORECHO NALO, Also Known as SAM NALO, and ROBERT COMFORT, Respondents, et al., Defendant. — Orders entered in the Supreme Court, New York County, on June 7 and June 12, 1974 vacating seven-year indeterminate sentences of imprisonment imposed on each defendant on December 27, 1972 and according each defendant an election as to whether he wished to be resentenced to an indeterminate four-year

sentence or to have his guilty plea vacated, unanimously modified, on the facts and in the exercise of discretion, so as to impose an indeterminate sentence of 0 to 4 years' imprisonment on defendant Sorecho Nalo, and otherwise affirmed. Defendants sought vacatur of an indeterminate sentence of 0 to 7 years claiming that the sentencing court, at the time of plea, had promised a maximum sentence of four years. After an evidentiary hearing, and upon sharply conflicting evidence, another Justice found that the claimed promise had been made. He vacated the sentences and gave each defendant an election as to whether he wished to be resentenced to an indeterminate four-year sentence or to have his guilty plea vacated. Defendant Comfort requested and received a four-year sentence while defendant Nalo opted for reinstatement of his not guilty plea. The ultimate relief to which a defendant is entitled lies in the court's sound discretion according to the circumstances of each case (*Santobello* v. *New York*, 404 U. S. 257, 263). Here, defendants claimed a promise by the sentencing Judge of a maximum four-year sentence and a violation of that promise. No other attack is made on the judgment of conviction following guilty pleas. It was an improvident exercise of discretion to allow defendants to opt for the imposition of the four-year sentence or to vacate the sentence and reinstate the not guilty pleas. (*People v. Selikoff*, 35 N Y 2d 227; *People* v. *Griffith*, 43 A D 2d 20.) Each defendant sought specific performance of a four-year promised sentence. There is no warrant in this record to give either defendant greater relief than he was seeking. Concur — Stevens, J. P., Murphy, Capozzoli and Nunez, JJ.; Markewich, J., concurs in the result only.